## 27372. PENSON v. CALDWELL.

JORDAN, Justice. This is an appeal in forma pauperis from the order of the trial judge in a habeas corpus proceeding remanding the petitioner to the custody of the respon-

dent warden of the Georgia State Prison after a hearing. He is held under a life sentence imposed on April 20, 1971, in Henry Superior Court for the offense of armed robbery. The appeal was docketed in this court on June 13, 1972, and submitted on briefs for decision in September. The brief submitted by the petitioner-appellant was filed in this court on June 27, 1972, and in this brief he contended that his asserted errors in the lower court were "compounded in prejudice" by the refusal of that court to provide him a transcript of the hearing to prosecute his appeal. On motion of the respondent-appellee this court ordered an evidentiary hearing in the lower court to ascertain if and when he received a transcript, the results to be forwarded to this court as a supplement to the record and transcript in this court. This supplemental record discloses unequivocally that the appellant received a transcript on June 23, 1972. While he testified at this hearing that he mailed his brief to this court that same day, but before he received the transcript, he has filed no additional brief for consideration by the court, although Rule 17 (a) of this court permits any party to file additional briefs without permission at any time before a decision on appeal, and the appellant has been so informed.

The errors asserted on appeal are (1) that the fact finding process in the habeas corpus court was inadequate to afford appellant a full and fair hearing, (2) that the merits of the factual dispute were not resolved in the court below, (3) that the factual determination is not fairly supported by the record as a whole, and (4) that the habeas corpus judge erred in determining that none of the appellant's rights have been violated.

The transcript of the habeas corpus hearing consists of some 70 typewritten pages of transcribed testimony, including some 25 pages devoted to the testimony of the petitioner, plus, among other things, the deposition of the attorney who represented the petitioner at his trial for armed robbery, and a complete transcript of the trial for

armed robbery, some 74 typewritten pages. The order of the habeas corpus judge consists of 10 typewritten pages which disclose that the habeas corpus judge made specific findings to dispose of each and every contention of the petitioner, before finally concluding that none of the constitutional rights of the petitioner had been violated and that he was held in confinement under a legal sentence.

Having carefully perused the entire record and transcript we conclude that the assertions on appeal are wholly without merit, and that no constitutional rights of the appellant have been violated at any stage of the proceedings.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 11, 1972—DECIDED NOVEMBER 9, 1972.

Rudolphus Penson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.